# IN THE 11TH JUDICIAL CIRCUIT COURT OF ST. CHARLES COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| **ROBERT E. HEFFNER, JR.** and **ANNETTE M. FRIENZA-HEFFNER,** | )<br>)<br>) |
| **Plaintiffs,** | )  Cause No.: |
| vs. | )<br>) |
| **OLIVIA C. AGEE,** | )  Division No.: |
| Serve at:  3399 Hampton Xing<br>            St. Peters, MO 63376 | )<br>)<br>) |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** | )<br>) |
| Serve:  Registered Agent<br>CSC-Lawyers Incorporating Service Co.<br>221 Bolivar Street<br>Jefferson City, MO 65101 | )<br>)<br>)<br>) |
| **OPTUM, INC.,** | ) |
| Serve: Missouri Secretary of State<br>        600 West Main<br>        Jefferson City, MO 65101 | )<br>)<br>) |
| **THE RAWLINGS COMPANY, LLC.** | ) |
| Serve:  Registered Agent<br>        Patricia G. Tobin, Esq.<br>        One Eden Parkway<br>        Lagrange, KY 40031-8100 | )<br>)<br>)<br>) |
| **COGHLAN LAW, LLC.,** | ) |
| Serve:  Mark J. Coghlan<br>        161 N. Clark St. #1325<br>        Chicago, IL 60601 | )<br>)<br>) |
| **Defendants.** | ) |

**PETITION FOR PERSONAL INJURY DAMAGES**
(Automobile/Motorcycle Accident)

**COUNT I**

COME NOW Plaintiffs, Robert E. Heffner, Jr. and Annette M. Frienza-Heffner, and for their Petition for Personal Injury Damages state to the Court as follows:

1. At all times relevant hereto, Plaintiffs, Robert E. Heffner, Jr. and Annette M. Frienza-Heffner, husband and wife, were residents of St. Charles County, State of Missouri.

2. Defendant, Olivia C. Agee, is and at all times relevant herein has been a resident of the State of Missouri, and currently resides in St. Charles County, Missouri at 3399 Hampton Xing, St. Peters, Missouri.

3. The accident complained of herein occurred in St. Charles County, State of Missouri.

4. On or about the 16th day of August, 2015, at approximately around the 9:54 a.m., Plaintiff, Robert E. Heffner, Jr., was operating his 2009 FLHX Harley Davidson motorcycle traveling westbound on (NOR 364) North St. Peters Parkway in the City of St. Peters when Defendant's vehicle cut in front of Plaintiff's motorcycle. Plaintiff then proceeded to move his motorcycle to the right side of Defendant's vehicle when his said vehicle was suddenly struck with great force by Defendant's vehicle, impacting the front driver's side of his motorcycle which resulted in Plaintiff being thrown from his motorcycle.

5. Plaintiff, Annette M. Frienza-Heffner, was the passenger on Plaintiff Robert E. Heffner, Jr.'s 2009 FLHX Harley Davidson motorcycle at the time of the accident and at the point of impact was thrown from Plaintiff's motorcycle.

6. At the same time and date, Defendant, Olivia C. Agee, was the operator of a 2005 Ford Escape motor vehicle traveling westbound on (NOR 364) North St. Peters Parkway, an

open and public roadway in St. Charles County, Missouri, when Defendant did negligently drive and cause her vehicle to violently collide into the front driver's side of Plaintiff's motorcycle.

7. At all times mentioned herein the portion of road on which the facts set out herein occurred is an open and public highway located within St. Charles County, State of Missouri.

8. Defendant, Olivia C. Agee, owed Plaintiff the duty to exercise the highest degree of care in the operation of the motor vehicle she was operating at said time and place.

9. Defendant, Olivia C. Agee, breached her duty of care and negligently caused her vehicle to collide with the vehicle that Plaintiff was operating and the resulting damages sustained by Plaintiffs were directly and proximately caused by the negligence and carelessness of Defendant, Olivia C. Agee, in the following respects:

  a. Defendant failed to keep a careful lookout;

  b. Defendant knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have stopped, slacken her speed, sound a warning, swerve, apply her brakes in a proper and timely fashion so as to prevent the collision from occurring, or otherwise avoid Plaintiffs' vehicle;

  c. Defendant failed to exercise highest degree of care in the operation of her motor vehicle in violation of §304.012 RSMo.;

  d. Defendant failed to maintain her vehicle in a single lane or to turn into a lane of travel when it could be safely made in violation of §304.015.5(1) RSMo.

10. As a direct and proximate result of the negligence and carelessness of the Defendant the Plaintiff, Robert E. Heffner, Jr., sustained a concussion, severe and permanent injuries, including but not limited to severe injury to his neck, cervical and thoracic back, left

shoulder, left arm and fingers, spinal column, vertebrae, intervertebral discs, tendons, tissues, nerves, cartilage, membranes, and all parts and structures thereof were seriously bruised, contused, torn, swollen, aggravated, ruptured, smashed, wrenched, narrowed, compressed, strained, sprained and rendered stiff, sore and painful and received lacerations resulting in scars upon his face and arm, and Plaintiff, incurred injuries to his back, cervical spine and discs thereof causing him permanent loss of strength and pain, and his forehead and arm was lacerated, causing scars to develop on said areas; Plaintiff is no longer able to engage in physical activities to the extent he was before; Plaintiff is severely, seriously, and permanently injured; Plaintiff suffered, suffers and will in the future suffer great pain of body, mental anguish and emotional distress; Plaintiff was required to seek medical care and treatment and expended in excess of $13,272.80 in medical expenses to-date, and will in the future be required to seek medical care and treatment including physical therapy, orthopedic care, and chiropractic (neurologic) care; and he has expended money and will in the future be caused to expend more money for future medical care and treatment; Plaintiff's social life and activities has been impaired, diminished, and adversely effected preventing Plaintiff from engaging in certain physical and social activities; and all of said injuries and damages are permanent, progressive, and continuous.

11.     As a direct and proximate result of the negligence and carelessness of the Defendant the Plaintiff, Annette M. Frienza-Heffner, sustained severe and permanent injuries, including but not limited to severe injury to her neck, cervical and thoracic back, left shoulder, left arm and fingers, spinal column, vertebrae, intervertebral discs, tendons, tissues, nerves, cartilage, membranes, and all parts and structures thereof were seriously bruised, contused, torn, swollen, aggravated, ruptured, smashed, wrenched, narrowed, compressed, strained, sprained and rendered stiff, sore and painful and Plaintiff incurred injuries to her back, cervical spine and

discs thereof causing her permanent loss of strength and pain; Plaintiff's back of her head was lacerated, causing scar tissue to develop on the back of her head, which is painful in everyday living; Plaintiff is no longer able to engage in physical activities or employment to the extent she was before; Plaintiff is severely, seriously, and permanently injured; Plaintiff suffered, suffers and will in the future suffer great pain of body, mental anguish and emotional distress; Plaintiff was required to seek medical care and treatment and expended in excess of $52,765.65 in medical expenses to-date, and will in the future be required to seek medical care and treatment including physical therapy, orthopedic care, and chiropractic (neurologic) care; and she has expended money and will in the future be caused to expend more money for future medical care and treatment; Plaintiff's social life and activities have been impaired, diminished, and adversely effected preventing Plaintiff from engaging in certain physical and social activities; Plaintiff has been prevented by said injuries from engaging in physical employment to the extent that she was able to prior to the collision aforesaid, which has caused her to suffer lost wages and will in the future cause her to suffer great loss of future earnings; and all of said injuries and damages are permanent, progressive, and continuous.

WHEREFORE, Plaintiffs, Robert E. Heffner, Jr. and Annette Frienza-Heffner, pray that the Court enter judgment for Plaintiff, Robert E. Heffner, Jr. and Annette Frienza-Heffner and against Defendant, Olivia C. Agee, in such amount which will fully compensate the Plaintiffs for their damages, and which is fair and reasonable over and above the jurisdictional limits of $25,000.00, for their costs expended herein, and for such other relief as the Court deems just in the premises.

## COUNT II
## PETITION FOR LOSS OF CONSORTIUM – ANNETTE M. FRIENZA-HEFFNER

COMES NOW Plaintiff, Annette M. Frienza-Heffner and for her Petition for Loss of Consortium states to the Court as follows:

1. Plaintiff, Annette M. Frienza-Heffner, realleges and adopts as if fully set forth herein all of the allegations set forth in paragraph 1 through 10 of Count I of this Petition.

2. Plaintiff was and has been at all times relevant hereto, the lawful wife of Plaintiff Robert E. Heffner, Jr.

3. As a direct and proximate result of the carelessness and negligence of the Defendant as set out herein and further the injuries suffered by Plaintiff Robert E. Heffner, Jr. as a result of said negligence of Defendant, Plaintiff Annette M. Frienza-Heffner has lost the services and consortium of her husband all to his damage.

WHEREFORE, Plaintiff Annette M. Frienza-Heffner prays judgment against Defendant Olivia C. Agee for a fair and reasonable amount in excess of the jurisdictional minimum of $25,000.00; for her costs expended herein; and for such other and further relief as this Court deems just and proper.

## COUNT III
## PETITION FOR LOSS OF CONSORTIUM – ROBERT E. HEFFNER, JR.

COMES NOW Plaintiff, Robert E. Heffner, Jr. and for his Petition for Loss of Consortium states to the Court as follows:

1. Plaintiff, Robert E. Heffner, Jr., realleges and adopts as if fully set forth herein all of the allegations set forth in paragraph 1 through 11 of Count I of this Petition.

2. Plaintiff was and has been at all times relevant hereto, the lawful husband of Plaintiff Annette M. Frienza-Heffner.

3. As a direct and proximate result of the carelessness and negligence of the Defendant as set out herein and further the injuries suffered by Plaintiff Annette M. Frienza-Heffner, as a result of said negligence of Defendant, Plaintiff Robert E. Heffner, Jr. has lost the services and consortium of his wife all to her damage.

WHEREFORE, Plaintiff Robert E. Heffner, Jr. prays judgment against Defendant Olivia C. Agee for a fair and reasonable amount in excess of the jurisdictional minimum of $25,000.00; for his costs expended herein; and for such other and further relief as this Court deems just and proper.

## COUNT IV
## PETITION TO ENFORCE SETTLEMENT

COME NOW Plaintiffs, and for their cause of action against State Farm Mutual Insurance Company and Defendant, Olivia C. Agee, to Enforce Settlement, state:

1. Plaintiffs reallege and adopt as if more fully set out herein all of the allegations set forth in Counts I, II, and III of this Petition.

2. Defendant, State Farm Mutual Automobile Insurance Company is an Insurance company licensed by the Missouri Director of Insurance to sell automobile insurance in the State of Missouri.

3. Defendant, State Farm, is the insurance carrier for the Defendant, Olivia C. Agee, and, as such, insured the loss relating to the automobile collision which is the subject of the Petition filed herein.

4. That, as a result of settlement negotiations, the Plaintiffs and the Defendant, State Farm, on behalf of Defendant Agee, agreed to resolve and settle the cause of action filed herein and the liability thereunder, by the payment of the sum of $21,000.00 for the claim of Plaintiff,

Annette Heffner, and a payment in the amount of $29,000.00 for the claim of Plaintiff, Robert Heffner.

5. That, after settlement thereof, Defendant, State Farm, refused to tender the settlement sums without including other parties on the settlement checks therefore, and which were not agreed upon prior to the agreement to settle the said dispute.

6. That the entities that Defendant, State Farm, demanded to include on the settlement checks have no legal lien in the proceeds of the settlement.

7. That the Defendant, State Farm, knew that the parties do not and did not have a lien upon the said proceeds, yet refused to pay the settlement proceeds to the Plaintiffs.

8. That the Plaintiffs were forced to file this Petition to enforce the terms of the settlement agreement, after the resolution of the claim, thus entitling the Plaintiffs to recover interest and attorney's fees relating thereto from the date that the settlement agreement was made, April 7, 2020 to the time that the funds are collected.

9. That to require Plaintiffs to accept a settlement relating to a purported "lien" which is unenforceable in the State of Missouri is an Unfair Claims Settlement Practices Act violation pursuant to §375.1005 RSMo. and §375.1007 RSMo.

WHEREFORE. Plaintiffs pray for Judgment against the Defendants, State Farm Mutual Automobile Insurance Company and Defendant Olivia C. Agee, in the amount of $50,000.00, plus interest at the legal rate from April 7, 2020 until the said amount is paid in full, for their attorney's fees expended in the filing and pursuit of this cause, and for such other and further orders as this court deems just and proper in the premises.

## COUNT V
## CLASS ACTION PETITION FOR WRONGFUL LIEN

COME NOW Plaintiffs and for their cause of action herein against Defendants Optum, Inc., The Rawlings Company, LLC., and Coghlan Law, LLC., Olivia C. Agee and State Farm Mutual Automobile Insurance Company, in Count V state.

1. Plaintiffs reallege and adopt as if more fully set out herein all of the allegations set forth in Counts I, II, III, and IV of this Petition.

2. Defendant, Optum, Inc.is a Delaware corporation, doing business in the State of Missouri while its authority to do business in the State of Missouri was forfeited in 2004.

3. Defendant, The Rawlings Company, LLC., is a Kentucky limited liability company, doing business in the State of Missouri, but which is not authorized as a foreign corporation to do business in the State of Missouri.

4. Defendant, Coghlan Law, LLC., is an Illinois limited liability company and law firm, doing business in the State of Missouri, but which is not licensed to do business in the State of Missouri.

5. Defendants Optum, Inc., The Rawlings Company, LLC., and Coghlan Law, LLC., routinely send notices to insurance companies, including Defendant State Farm, and others situated in the State of Missouri, relating to injured parties involved in third party claims for damages incurred as a result of automobile collisions occurring in the State of Missouri.

6. That the Defendants, Optum, Rawlings, and Coghlan, know that the notices of lien sent to insurance carriers within the State of Missouri do not constitute valid liens in the State of Missouri, yet they each persist in sending such lien notices to insurers relating to claims for parties who are residents of the State of Missouri.

Electronically Filed - St Charles Circuit Div - July 10, 2020 - 04:50 PM

7. Defendant, State Farm, although knowing that the lien notices provided by the Defendants, Optum, Rawlings and Coghlan, do not constitute valid and enforceable lien upon third party liability settlement payments, nevertheless have refused to pay to these Plaintiffs and those similarly situated settlement payment without the settlement drafts containing these Defendants upon the checks, or requiring the Plaintiffs and those similarly situated to obtain releases of the alleged "liens" prior to fulfillment of the settlement agreements, all in violation of Missouri's prohibition against subrogation of personal injury third party benefits.

8. This action is brought as a Plaintiff Class Action pursuant to Missouri Rule of Civil Procedure 52.08. Plaintiffs bring this action on their own behalf and all others similarly situated, as representative of the following class:

> All individuals who, since June 26, 2025, were parties to any third party liability settlement or action, for which "Notices of Lien" or other such notices were provided to liability or medical payment insurance carriers relating to their claims by the Defendants, Optum, Rawlings and/or Coghlan.

9. The particular members of the class are capable of being described without difficult managerial or administrative difficulties. The members of the class are readily identifiable from the information and records in possession or control of Defendants Optum, Optum, Rawlings, Coghlan and State Farm.

10. The class consists of hundreds and perhaps thousands of individual members and is, therefore, so numerous that individual joinder of all members is impractical.

11. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual members of the class, and, in fact, the wrongs suffered by the Plaintiffs and the other members of the class are premised upon an

unlawful scheme perpetuated uniformly upon all of the class members. The only material difference between the class members' claims is the exact monetary amount to which each member of the class is entitled.

12. Plaintiffs' claims are typical of those of the class and are based upon the same legal and factual theories.

13. Plaintiffs' claims and the class members claims are that the Defendants, Optum, Rawlings, and Coghlan wrongfully notified insurance companies of alleged liens, demanding that the said insurers honor the liens, with the threat of imminent litigation if they did not, when they did not, in fact, have any legal basis for placing the "notices of Liens" under Missouri anti-subrogation laws and policies.

14. Plaintiffs' claims and the class members claims against Defendant, State Farm, are that Defendant State Farm, knowing that the alleged "liens" were in fact not liens under the laws of the State of Missouri, required third party liability claimants to acknowledge and honor the alleged liens, in order to get a release of the alleged liens, or to require that the entities placing the alleged liens upon the Defendant, State Farm, be placed upon the settlement check with the parties relating to the settlement of the third party liability action, even though Defendant State Farm was aware of the fact that such claimed "liens" were not valid under Missouri law.

15. Plaintiffs will fairly and adequately represent and protect the interests of the members of the class. Plaintiffs have no claims which are antagonistic to those of the class. Counsel for the Plaintiffs is committed to the vigorous prosecution of this action.

16. Certification of a plaintiff class is appropriate in that Plaintiff and the class members seek monetary damages, common questions predominate over any individual

Electronically Filed - St Charles Circuit Div - July 10, 2020 - 04:50 PM

questions, and a plaintiff class is superior for the fair and efficient adjudication of this controversy. A plaintiff class will cause an orderly and expeditious administration of the class members claims and economies of time, effort and expenses will be fostered, and uniformity of decisions will be ensured. Moreover, the individual class members are unlikely to be aware of their rights and are not in a position (either through experience or financially) to commence individual litigation against the likes of the Defendants.

17.     Alternatively, certification of a plaintiff class is appropriate in that inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for the Defendants or adjudications with respect to individual members of the class could be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or imped their ability to protect their individual interests.

WHEREFORE, Plaintiffs pray for judgment against Defendants, Optum, Rawlings, Coghlan, and State Farm, in an amount in excess of the jurisdictional limits of this Court of $25,000.00, for injunctive relief preventing the Defendants, Optum, Rawlings and Coghlan, from asserting, sending or otherwise demanding payment of alleged liens against third party insurers in the State of Missouri, and injunctive relief as to Defendant, State Farm, preventing it from requiring satisfaction of the alleged liens in the settlement of claims and from requiring the names of the parties presenting such alleged liens to be named on the settlement checks of settlements, for Plaintiffs' and the class' attorney's fees for the prosecution hereof, for the costs incurred herein, and for such other and further relief as this Court my deem just and proper in the premises.

## COUNT VI
## CLASS ACTION PETITION FOR TORTIOUS INTERFERENCE WITH A BUSINESS CONTRACT / EXPECTANCY / RELATIONSHIP

COME NOW Plaintiffs and for their cause of action herein against Defendants Optum, Inc., The Rawlings Company, LLC., and Coghlan Law, LLC., in Count VI hereof, state.

1. Plaintiffs reallege and adopt as if more fully set out herein all of the allegations set forth in Counts I, II, III, IV, and V of this Petition.

2. Defendants, Optum, Rawlings, and Coghlan, knew that a business relationship existed by and between the insurance carrier to which each sent the "lien notices" relating to the third party claim and/or cause of action at the time the said "lien notice" was sent to the said insurance carrier and the Plaintiffs and other members of the class with respect to each such notice.

3. Defendants, Optum, Rawlings, and Coghlan, knew that sometime after the said alleged "notice of lien" was sent to the insurance carrier that a contract, consisting of a release agreement and a check for settlement proceeds would be forthcoming, and thus was aware of and had actual knowledge of the business expectancy by and between the Plaintiffs and the other members of class and the insurer to which the notice was sent by the said Defendants.

4. The stated purpose of the alleged "notice of lien" sent to the insures was to prevent the claim or lawsuit from being resolved without their involvement in the said settlement, and thus the Defendants, Optum, Rawlings and Coghlan, intentionally interfered and prevented the Plaintiffs and the members of the class from receiving the benefit of their contractual business relationship and expectancy.

5. Defendants, Optum, Rawlings, and Coghlan, did so with knowledge that the State of Missouri prohibits subrogation of personal injury claims, and allows only liens that are

13

specified by statute, and further knew that the claims which they were making were in violation of the laws of the State of Missouri.

6. Defendants, Optum, Rawlings, and Coghlan, did so without justification, in a malicious attempt to procure additional sums to which they were not entitled in reckless disregard for the damage and harm such action had and would have on Plaintiffs and the class.

7. As a direct and proximate result of the Defendants, Optum, Rawlings, and Coghlan, misconduct of intentionally interfering with the business relationship and business expectancy of the Plaintiffs and the members of the class with the insurers, Plaintiffs and the members of the class suffered actual damages.

WHEREFORE, Plaintiffs, on behalf of themselves and for the class, pray for judgment against Defendants, Optum, Rawlings, and Coghlan, in an amount in excess of the jurisdictional limits of this Court of $25,000.00, for injunctive relief preventing the Defendants, Optum, Rawlings and Coghlan, from asserting, sending or otherwise demanding payment of alleged liens against third party insurers in the State of Missouri, for Plaintiffs' and the class' attorney's fees for the prosecution hereof, for the costs incurred herein, and for such other and further relief as this Court my deem just and proper in the premises.

## COUNT VII
## CLASS ACTION PETITION FOR VIOLATION OF THE UNFAIR DEBT COLLECTION PRACTICES ACT

COME NOW Plaintiffs and for their cause of action herein against Defendants Optum, Inc., The Rawlings Company, LLC, and Coghlan Law, LLC, in Count VII hereof, state.

1. Plaintiffs reallege and adopt as if more fully set out herein all of the allegations set forth in Counts I, II, III, IV, V, and VI of this Petition.

Electronically Filed - St Charles Circuit Div - July 10, 2020 - 04:50 PM

2. Plaintiffs file this as a consumer action for, inter alia, violations of federal law and common law arising out violations of the **Fair Debt Collection Practices Act** (FDCPA), on their own behalf and on behalf of the members of the class.

3. Jurisdiction is proper in this court pursuant to 15 U.S.C.A. § 1692k (d) in that this matter involves violations of the **Fair Debt Collection Practices Act**, which grants this Court authority to hear this action.

4. Whenever in this Petition reference is made to any act, deed or conduct of Defendants, Optum, Rawlings, and Coghlan, or each of them, the allegation means that Defendants, Optum, Rawlings, and Coghlan, engaged in the act, deed or conduct by or through one or more of their officers, directors, agents, employees or representatives who was actively engaged in the management, direction, control or transaction of the ordinary business and affairs of one or more of the Defendants, Optum, Rawlings, and Coghlan.

5. Plaintiff is informed and believes, and on that basis alleges, that at all times material, each principal of each of the Defendants, Optum, Rawlings, and Coghlan, was the agent, servant and/or employee of the Defendants, Optum, Rawlings, and Coghlan, acted within the purpose, scope and course of such agency, service and/or employment and with the express and/or implied knowledge, permission and consent of the Defendants, Optum, Rawlings, and Coghlan, and ratified and approved the acts of the Defendants, Optum, Rawlings, and Coghlan, and each of them.

6. Defendant, Optum, Inc., is a collection agency which attempts to collect debts it alleges are medical debts or debts owed pursuant to ERISA plans of its clients.

7. Defendant, The Rawlings Company, LLC, is a collection agency which attempts to collect debts it alleges are medical debts or debts owed pursuant to ERISA plans of its clients.

8.      Defendant, Coghlan Law, LLC., is a collection agency which attempts to collect debts it alleges are medical debts or debts owed pursuant to ERISA plans of its clients.

9.      Each of the of the aforesaid Defendants, Optum, Rawlings, and Coghlan, have been informed that its representations relating to the characterizations of the alleged "debts" it is attempting to collect are not liens pursuant to any statute or law of the State of Missouri.

10.     Plaintiffs had third party liability claims relating to an automobile/motorcycle collision in the State of Missouri, which each Defendant, Optum, Rawlings, and Coghlan, claimed that it had an interest in pursuant to certain Plan documents.

11.     That the alleged debts for which each of the Defendants, Optum, Rawlings, and Coghlan, claimed and filed "liens" with Defendant, State Farm, would not, and did not, pursuant to any interpretation of State of Missouri or Federal Statute, rise to the level of "liens" until any funds were in the receipt of Plaintiff, and the alleged debts were fully and finally adjudicated in a court of competent jurisdiction, resulting in a Judgment against the Plaintiffs.

12.     Defendants, Optum, Rawlings, and Coghlan, and each of them continued to ignore Plaintiff's demands that each of the Defendants, Optum, Rawlings, and Coghlan, withdraw their claimed "liens" directed to the third party insurance carrier, Defendant State Farm, and continued to aggressively contend it had a "lien" upon the third party claim, and that each of their name be placed upon the said insurer's check in payment of the alleged debt.

13.     Defendants, Optum, Rawlings, and Coghlan, have acknowledged that they are not entitled to a "lien" upon the said third party settlement check, yet persist in refusing to withdraw the said "lien notices" directed to the Defendant State Farm and has incessantly continued its collection attempts in violation of Federal law.

14. The Defendants, Optum, Rawlings, and Coghlan, and each of them violated 15 U.S.C.A. § 1692c by notifying Defendant, State Farm, of the existence of the alleged debt, and by claiming it had a "lien" on the proceeds of the third party liability action.

15. The Defendants, Optum, Rawlings, and Coghlan, and each of them violated 15 U.S.C.A. § 1692e by falsely representing to Defendant, State Farm, and these Plaintiffs, that the nonpayment of the debt would result in the seizure of the proceeds of the third party liability claim, and further that the Defendants, Optum,, Rawlings, Coghlan threatened to take action in recovering the proceeds of the third party liability action which legally could not be done by the said Defendants.

16. The Defendants, Optum, Rawlings, and Coghlan, and each of them violated 15 U.S.C.A. § 1692f by taking nonjudicial action to effect dispossession of the proceeds of the third party liability claim or action, when the said Defendants did not have the present right to possession of the property claimed, i.e. the proceeds of the third party liability claim or action.

17. Any or all of the actions of Defendants would have been more than sufficient to overcome the will of the least sophisticated consumer to resist such tactics, as demonstrated by the actions of Defendant, State Farm, in refusing to pay over the proceeds of the third party liability claim, free of the alleged "liens".

18. The actions of the Defendants., Optum, Rawlings, and Coghlan as aforesaid were and are, an unfair and/or unconscionable and malicious means to collect a debt for the reasons set forth above.

19. That the actions of the Defendants, Optum, Rawlings, and Coghlan, were and are common to the class members herein.

20. That, pursuant to 15 U.S.C.A. § 1692k, Plaintiffs claim damages in the amount of $1,000.00 per each violation, for their attorney's fees incurred in prosecution hereof, and such amount as the court will allow for all other class members in the amount of 1 per centum of the net worth of each of the Defendants, Optum, Rawlings, and Coghlan, or an amount of $500,000.00 as to each Defendant aforesaid, whichever is the lessor

WHEREFORE, as a result of the above violations of the FDCPA, Plaintiffs demand actual damages, statutory damages of $1,000.00 per violation for each Plaintiff herein, for statutory damages on behalf of the class in the amount of 1 per centum of the net worth of each of the Defendants, Optum, Rawlings, and Coghlan, or an amount of $500,000.00 as to each Defendant aforesaid, whichever is the lessor, for the attorneys fees and expenses of suit, and for such other and further orders as this court may deem just and proper in the premises.

## COUNT VIII
## **PUNITIVE DAMAGES**

COME NOW Plaintiffs, on behalf of themselves and for the class, and for their cause of action herein against Defendants Optum, Inc., The Rawlings Company, LLC, Coghlan Law, LLC, and State Farm Mutual Automobile Insurance Company in Count VII hereof, state.

1. Plaintiffs reallege and adopt as if more fully set out herein all of the allegations set forth in Counts I, II, III, IV, V, VI, and VII of this Petition.

2. The actions of the Defendants, and each of them, in the causes of action as aforesaid were conducted by the Defendants, and each of them, were performed willfully, wantonly, and in complete and utter regard for the rights of Plaintiffs and the members of the class, and violated the fundamental principles of justice, equity and good conscience.

Electronically Filed - St Charles Circuit Div - July 10, 2020 - 04:50 PM

3.      In consideration thereof, Plaintiffs, and the class, are entitled to the imposition of punitive damages against each Defendant, in the amount of $10,000,000.00 each, in order to punish each of the Defendants and to prevent and deter their like conduct in the future.

WHEREFORE, Plaintiffs, on behalf of themselves and for the class, pray for judgment against Defendants Optum, Inc., The Rawlings Company, LLC, Coghlan Law, LLC, and State Farm Mutual Automobile Insurance Company in an amount in excess of the jurisdictional limits of this Court of $25,000.00, in an amount which is sufficient to punish each of the Defendants, and to deter like conduct from them and the public as a whole in the future, for Plaintiffs' and the class' attorney's fees for the prosecution hereof, for the costs incurred herein, and for such other and further relief as this Court my deem just and proper in the premises.

Respectfully submitted,

**THE GARTNER LAW FIRM**

_____
Richard A. Gartner (#29062)
Attorney for Plaintiffs
220 Salt Lick Road
St. Peters, MO 63376
Telephone: (636) 397-2111
Facsimile: (636) 397-7626
Email: Richard.gartner@gartnerlawfirm.com